UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VASILE HURBENCA,<br><br>          Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CIV 17-4147<br>CR 96-40009<br><br>ORDER REQUESTING ADDITIONAL BRIEFING |

On October 17, 2017, movant Vasile Hurbenca ("Hurbenca") filed a *pro se* motion to vacate his federal sentence and expunge record which the Court construed as a Motion to Vacate, Set Aside, or Correct Federal Sentence pursuant to 28 U.S.C. § 2255. Civ. Doc. 1. Hurbenca's §2255 motion is presently pending before the Court. In support of his motion, Hurbenca argues, among other things, that "court-appointed counsel failed to advise [him] of the possible immigration consequences of . . . [his] guilty plea" and that pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), such failure constitutes ineffective assistance of counsel under the Sixth Amendment, thus entitling him to post-conviction relief. Civ. Doc. 1. Hurbenca also alleges that he had been "repeatedly advised that he would not be subject to deportation" and that the "Pre-Sentencing Investigation report on file with the Court clearly states "Citizenship: Non-deportable resident alien." Civ. Doc. 1.

Respondent argues that because the Supreme Court's holding in *Padilla* announced a "new rule," and Hurbenca's conviction became final prior to *Padilla*, pursuant to *Teague v. Lane*, 498 U.S. 288 (1989), Hurbenca cannot benefit from *Padilla's* holding on collateral review. *See Chaidez v. United States*, 568 U.S. 362, 358 (2013).

Because Hurbenca is presently proceeding *pro se*, his § 2255 motion must be liberally construed. *See Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001). In doing so, the Court concludes that Hurbenca's ineffective assistance of counsel claim is based not only on his counsel's alleged failure to advise him of the immigration consequences of his guilty plea, but also upon affirmative misrepresentations allegedly made by his counsel that he was not subject to deportation.

1

Whether or not it was a settled rule of law at the time Hurbenca's conviction became final, that affirmative misrepresentations regarding the deportation consequences of a guilty plea fell within the ambit of a criminal defendant's Sixth Amendment right to effective assistance of counsel, is an issue that has not been addressed by the parties. *See, e.g., United States v. Castro-Taveras*, 841 F.3d 34 (1st Cir. 2016). Before the Court rules on Respondent's Motion to Dismiss, the Court requests additional briefing from the parties on this issue.

Given the complexity of this legal issue and Hurbenca's ability to articulate his claims without court appointed counsel, the Court, in its discretion, has determined that "the interests of justice so require" that counsel be appointed to represent Hurbenca in this matter. *See* 18 U.S.C. § 3006(A)(a)(2)(B); *see also McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (stating factors relevant to the Court's determination of whether "the interests of justice so require" appointment of counsel). The Court will issue a separate order appointing counsel. Accordingly,

IT IS ORDERED:

1. That Respondent shall file its brief by June 11, 2019, setting forth its position on whether or not it was a settled rule of law at the time Hurbenca's conviction became final that affirmative misrepresentations regarding the deportation consequences of a guilty plea fell within the ambit of a criminal defendant's Sixth Amendment right to effective assistance of counsel.
2. That Hurbenca shall file his brief in response on or before July 2, 2019.
3. That Respondent shall file its reply brief on or before July 16, 2019.

Dated this 9th day of May, 2019.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

_____