UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VASILE HURBENCA,<br><br>            Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | **CIV 17-4147**<br>**CR 96-40009**<br><br>**ORDER** |

On October 17, 2017, Movant, Vasile Hurbenca ("Hurbenca"), filed a *pro se* Motion to Vacate Sentence and Expunge Record, Civ. Doc. 1 and Crim. Doc. 82, which the Court construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Civ. Docs. 2, 11. In support of his motion, Hurbenca argued, among other things, that "court-appointed counsel failed to advise [him] of the possible immigration consequences of . . . [his] guilty plea" and that pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), such failure constituted ineffective assistance of counsel under the Sixth Amendment, thus entitling him to post-conviction relief. Civ. Doc. 1. Hurbenca also alleged that he had been "repeatedly advised that he would not be subject to deportation" and that the "Pre-Sentencing Investigation report on file with the Court clearly states "Citizenship: Non-deportable resident alien." Civ. Doc. 1.

The Court ordered the Government to file an answer or other responsive pleading and on July 25, 2018, the Government filed a motion to dismiss Hurbenca's § 2255 motion and a supporting memorandum. Civ. Doc. 8.

After reviewing Hurbenca's motion and liberally construing the claims asserted in the motion and after reviewing the Government's motion to dismiss and supporting memorandum, the Court concluded that Hurbenca's ineffective assistance of counsel claim was based not only on his counsel's alleged failure to advise him of the immigration consequences of his guilty plea, but also upon affirmative misrepresentations allegedly made by his counsel that he was not subject to deportation.

On May 9, 2019, the Court ordered additional briefing by the parties regarding whether or not it was a settled rule of law at the time Hurbenca's conviction became final, that affirmative

misrepresentations regarding the deportation consequences of a guilty plea fell within the ambit of a criminal defendant's Sixth Amendment right to effective assistance of counsel. Civ. Doc. 11. Given the complexity of the legal issue ordered to be briefed, the Court determined that "the interests of justice so require" that counsel be appointed to represented Hurbenca in this matter and accordingly issued an order for appointment of counsel. Civ. Doc. 10.

On July 10, 2019, the Government filed its response to the Court's order for additional briefing. Civ. Doc. 17.

On July 22, 2019, Hurbenca filed a motion to dismiss his § 2255 motion, Civ. Doc. 18, and a consent to dismissal of the motion which was executed by Hurbenca on July 22, 2019, Civ. Doc. 19. The motion states that counsel has fully reviewed Hurbenca's motion, the claims presented therein, and the Court's Order Requesting Additional Briefing with Hurbenca and that in consultation with counsel, Hurbenca as decided to request dismissal of his motion, including his request that the Court vacate his sentence and expunge his record in order to stop the deportation process.

Accordingly, it is hereby ORDERED that Hurbenca's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Civ. Doc. 1 and Crim. Doc. 82, is DISMISSED without prejudice.

Dated this ___ day of July, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK